UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAHVED MALIK LILLACALENIA                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:24-cv-140-RGJ

CITY OF LOUISVILLE                                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Dhaved Malik Lillacalenia filed the instant *pro se* action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff filed the complaint on a civil complaint form. [DE 1]. He sues Defendant City of Louisville alleging claims for violations of the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, violations of 18 U.S.C. § 242, and a state law claim for intentional infliction of emotional distress. [*Id.* at 4]. In the "Statement of the Claim" section of the complaint form, Plaintiff alleges that "[t]he City of Louisville [is] targeting (me) and family to commit unlawful acts upon, within the bounds of RETALIATION, as action from the Plaintiff exercising his right of FREEDOM OF SPEECH, as well as any and all of his rights." [*Id.* at 5]. Plaintiff further states that "My Mother exercised her rights as well to protect me and my siblings and was ran over by a vehicle, eventually dying, as the same happened to my Grandfather. My father had a tampered with battery explode in his face—and vehicles burned." [*Id.*]. As relief, Plaintiff "seeks the Amount of 16 Million . . . as well as restitution for my mothers and Grandfathers hit and run murders—the slaughtering of a cousin as well as the suffocation of my uncle." [*Id.* at 6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v.*

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A.  42 U.S.C. § 1983 Claim**

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The City of Louisville ("Louisville Metro Government") is a municipality which is subject to suit for constitutional violations under § 1983.  When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691

(1978)); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

The complaint contains no indication that any alleged violation of Plaintiff's constitutional rights was the result of a custom or policy implemented or endorsed by Louisville Metro Government. Accordingly, the Court will dismiss Plaintiff's § 1983 Fourteenth Amendment claim against Louisville Metro for failure to state a claim upon which relief may be granted.

**B.   18 U.S.C. § 242**

Plaintiff also alleges violations of 18 U.S.C. § 242 which is a criminal statute that does not give rise to any private civil cause of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). "Where a statute does not include this sort of explicit 'right- or duty-creating language,' [courts] rarely impute to Congress an intent to create a private right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002); *see also*, *e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (holding that plaintiff had no private right of action under either criminal statute 18 U.S.C. §§ 241 or 242).

To the extent Plaintiff's citation of this criminal statute might be read to seek the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state

4

and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, Plaintiff's claims based on this statute will be dismissed for failure to state a claim.

### C. State-law Claim

Because Plaintiff's federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law intentional infliction of emotion distress claim. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claim will be dismissed without prejudice.

### D. Remaining Motions

Because this action is being dismissed, Plaintiff's remaining motions [DE 4, DE 7] will be denied as moot.

### IV.

Accordingly, the Court will dismiss this action by separate Order.

Date: May 1, 2024

*Rebecca Grady Jennings, District Judge*
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014